In the Matter of the Estate of ELIZA OSGOOD, Deceased.

Surrogate's Court, New York County, May 13, 1925.

Wills — construction — testatrix after setting up fund in trust for life tenant directed that upon her death fund should be "disposed of as part of my residuary estate "— residuary estate given by will to designated group of persons — remainder vested as of date of primary distribution of estate in designated residuary legatees — shares of deceased residuary legatees must be paid to their estate — doctrine of lapsed legacies has no application where will provides for substitution of legatees — phrase "personal representatives," as employed in residuary clause, means distributees under law of intestacy and not executors or administrators of deceased legatees.

A will by which the testatrix set up a fund in trust for a designated life tenant with the direction that upon the death of the life tenant it should be "disposed of as part of my residuary estate," which was given by the will to a designated group of persons, must be construed as evidencing an intention on the part of the testatrix to vest the remainder as of the date of the primary distribution of the estate in the designated residuary legatees, particularly where the will presents a uniform plan for the vesting of all the parts of the residue and a distribution among the same group of beneficiaries. Consequently the shares of the deceased residuary legatees must be paid to their respective estates.

A further clause in the will reciting that "it is my intent and will that the share of any one of said legatees who may die before the division of said residuary estate shall go to his or her personal representatives, who would be entitled to distribution as aforesaid" precludes the application of the doctrine of lapsed legacies upon the death of a residuary legatee prior to the death of the testatrix, since said doctrine has no application, where, as in this will, there is a substitution of legatees; therefore, the persons named as substituted beneficiaries of said residuary legatee are entitled to her fractional part of the fund.

The words "personal representatives" employed in the residuary clause of the will were used to mean distributees under the law of intestacy in this State and not the executors or administrators of deceased legatees.

Surrogate's Court, New York County, May, 1925. [Vol. 127

TRUSTEE's accounting proceeding involving construction of will.

*King, Lane & Trafford,* for Central Union Trust Company, the accounting trustee.

*Woods, Wells, Moran & Derby* [*James Lloyd Derby* of counsel], for the executors.

*Stetson, Jennings & Russell* [*Edward R. Greene* of counsel], for the executor, etc., of Louise Souberbielle.

*Geller, Rolston & Blanc,* for Farmers Loan and Trust Company, as executor, etc., of Virginia Purdy Bacon.

*Elmer E. Cooley,* for William S. Vanderbilt Allen.

*Nathan Burkan,* for Frances L. Wallace, as administratrix, etc., of Allen Wallace.

*Winthrop & Stimson,* for Emily T. Post.

*Joseph F. Quinn,* for Grace G. Crooks.

*Bennett, Werner & Troutfelt,* for Louis C. Read Frank and another, as executors, etc., of Ethelinda C. Horton.

*Charles B. McLaughlin,* special guardian.

FOLEY, S.   In this trustee's accounting proceeding, a question arises as to the construction of the will.   The testatrix, Eliza B. Osgood, died September 29, 1890.   The trust fund involved here was created by article 5.   The material language is as follows:

" To Mrs. Annie Read, wife of John Edward Read, the sum of Twenty thousand dollars, and also the income during her life of the further sum of Fifty-five thousand dollars, which I direct shall be set apart, invested and held, *and upon her death be divided and disposed of as part of my residuary estate.*"

The life tenant, Annie Read, died on May 24, 1924.   The question to be determined is the identity of the remainderman of the trust, and the determination of that question involves the construction of the paragraph just quoted, when read in connection with the residuary clause, which provides as follows:

"*Seventh.* All the rest, residue and remainder of my estate of what kind soever, whether real or personal, and wheresoever situated, I give and bequeath to Mrs. Emily Thorn, Mrs. Sophia Torrance, Mrs. Maria Louise Niven, Mrs. May Alicia La Bau, Franklin Allen, Vanderbilt Allen, Mrs. Annie Wallace, William K. Thorn, Mrs. Lena Kissel, Mrs. Adelaide Howland, Miss Marie Torrance, Mrs. Louise Souberbielle, Mrs. Edith Dyer, Mrs. Lilian Blois, Miss Bertha La Bau, Oakley Barker, Mrs. Virginia Bacon, Clarence Barker, Mrs. Adele Schmidt, C. V. Bross, Norman F.

Cross, Ethelinda C. Horton, *to be divided among them equally, share and share alike; and it is my intent and will that the share of any one of said legatees who may die before the division of said residuary estate shall go to his or her personal representatives, who would be entitled to distribution as aforesaid.*"

It will be noted that the residue was divided into shares of one twenty-second for each legatee. Various theories of interpretation have been developed by the parties:

(1) Did the remainder vest as of the date of primary distribution of the estate in the original residuary legatees and shall the fund be paid over to the persons who were the actual residuary legatees?

(2) Was the vesting of the trust fund postponed until May 24, 1924, the date of death of the life tenant, and shall the fund be distributed to those persons specifically named as residuary legatees living at the date of death of the life tenant and to the then surviving next of kin of such persons who died during the period of the trust?

Seventeen of the specifically named residuary legatees died during the term of the trust and the real contention arises between their executors and their legal distributees. If the remainder vested primarily, the shares of deceased persons must be paid to their estates. If the remainder was contingent, it is now payable to their legal distributees as substituted remaindermen.

In my opinion the first method of distribution was clearly intended by the testatrix. In the gift of the remainder of the fund under article 5, the testatrix directed that upon the death of the life tenant the fund be " *disposed of as part of my residuary estate.*" Her residuary estate was given by the will to a designated group of persons. Any subsequently distributable part of the residue likewise vested in the same persons who originally took the residuary estate. Scrutiny of the will discloses that the gift of the residue was a present one without postponement of vesting. The testatrix might, with more directness of language, but with no less clarity, have said that the remainder of the trust fund shall pass " to my residuary legatees." The words actually used by her cannot be construed to have changed the class of beneficiaries nor alter their interest from a vested to a contingent remainder. In addition to the trust fund here involved, other funds with similar directions as to distribution as part of the residuary estate were created by the will. If these remainders were contingent, the membership of the class of remaindermen would change as each trust fell in. No such scheme can be attributed to the testatrix for the will presents a uniform plan for the vesting of all the parts of the residue and a distribution among the same group of beneficiaries. The membership of that class was fixed, pursuant to the terms of the

will, early in the administration of this estate, by the decree of September 9, 1892, which directed distribution of the estate.

Certain incidental and less important questions remain to be determined. It is scarcely necessary to discuss the point raised in some of the briefs that the share of Annie Wallace, one of the persons specifically named as a residuary legatee, lapsed because she died before the testatrix. Under elementary rules the persons named as the substituted beneficiaries of her share became entitled to her fractional part of the fund. The doctrine of the lapse of legacies has no application where, as in this will, there is a substitution of legatees. (*Downing* v. *Marshall*, 23 N. Y. 366, 370.) The legacy to Annie Wallace, therefore, vested in her legal distributees.

From an examination of the whole will it is clear that the words " personal representatives " employed in the residuary clause were used by the testatrix to mean distributees under the law of intestacy of our State and that she did not intend to designate thereby the executors or administrators of deceased legatees.

Submit decree settling the account and construing the will as vesting the trust fund in the original and primary residuary legatees and directing distribution accordingly.